

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| SHAINA ERINN KING,<br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 9:13-1963-MGL<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND AFFIRMING DEFENDANT'S DECISION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff is represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 16, 2014, Plaintiff filed her objections on October 31, 2014, and Defendant filed her reply on November 6, 2014.  The Court has carefully considered the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

Plaintiff's alleged disability, idiopathic hypersomnia, commenced on October 1, 2007.  "Idiopathic hypersomnia" is defined as "a sleep disorder in which you're excessively sleepy during the day." www.mayoclinic.org/diseases-conditions/hypersomnia/basics/definition/CON-20036556 (last visited on January 23, 2015).  Plaintiff's applications were denied initially and upon reconsideration.  Plaintiff then requested a hearing before an Administrative Law Judge (ALJ).  After the requested hearing, the ALJ issued a decision dated January 13, 2011, finding that Plaintiff was not disabled within the meaning of the Social Security Act.  The Appeals Council, however, remanded the claim to the ALJ.  After the second hearing, the ALJ again denied Plaintiff's claim in a decision dated March 12, 2012.  The Appeals Council subsequently denied Plaintiff's request for review, thus making the ALJ's March 12, 2012, decision Defendant's final decision for purposes of judicial review.  Thereafter, Plaintiff brought her action in this Court seeking judicial review of Defendant's final decision.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a).  The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work

as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v). As noted already, the ALJ determined here that Plaintiff was not disabled. Administrative Record 49.

Plaintiff's first objection to the Report is that the Magistrate Judge erred in rejecting her argument that "the ALJ failed to address the Step Three question of whether her impairments, singly or in combination, equaled the severity of a Listing." Objection 1. Although there is no Listing for Plaintiff's impairment, one can be found to be disabled if their impairment, or a combination of their impairments, are equivalent to the criteria of a Listing. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. According to Plaintiff, although she suffers from an impairment not found in the Listings, her impairment is medically equal to Listing 11.03 (non-convulsive epilepsy). Listing 11.03 provides as follows:

> Epilepsy—nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. Pt. 404, Subpt. P., App. 1 at § 11.03.

In analyzing Plaintiff's claim, the ALJ stated as follows:

> There is no particular listing for evaluating [Plaintiff's] idiopathic hypersomnia under the Listings of Impairments. The [Plaintiff's] attorney argues that the severity of [Plaintiff's] idiopathic hypersomnia equals the severity of Listing 11.03, which pertains to epilepsy. However, there is no evidence that the claimant has been diagnosed with nonconvulsive epilepsy with documented detail descriptions of an alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day. As such, the [Plaintiff's] idiopathic hypersomnia is not of listing level severity.

Administrative Record 43 (citation omitted).

3

Plaintiff contends that "[t]here is absolutely no indication that the ALJ did consider the Listing equivalence question, either in the [above] quoted paragraph, which simply recites the elements of the Listing, or elsewhere in the decision." Objections 2. As such, Plaintiff argues that the ALJ's failure to more fully explain his decision "renders this forum unable to determine whether his decision was actually supported by substantial evidence." *Id*. at 3. The Court is unconvinced. Plaintiff bears both the burden of production and the burden of proof that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). But, in the instant matter, Plaintiff has failed to satisfy either requirement.

The Court need not linger here long. First, the ALJ's failure to give more explanation for his decision that Plaintiff's impairment alone did not equal the severity of Listing 11.03 is not reversible error where, as here, it is clear from the record that his having written more would have had no effect on the outcome of the case. *See Benskin v. Bowen,* 830 F.2d 878, 883 (8th Cir. 1987) ("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably had no practical effect on the outcome of the case.") And second, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). But, Plaintiff has failed to meet that burden.

It would seem to be axiomatic that excessive sleepiness during the day, which require periodic naps, is not equal in severity "to alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day." 20 C.F.R. Pt. 404, Subpt. P., App. 1 at § 11.03. There is certainly nothing in the record to suggest otherwise. As detailed in both the ALJ's opinion and the Report, the extent of

4

Plaintiff's daily activities strongly suggest that her impairment(s) do not significantly interfere with her daily activities. In fact, "the pattern of [Plaintiff's] daily activit[ies] suggests that [s]he was not disabled from working." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

In regards to Plaintiff's argument that "the ALJ failed to address the Step Three question of whether her impairments . . . in combination[ ] equaled the severity of a Listing," Objection 1, the Court disagrees. As to this issue, the ALJ stated as follows:

> Moreover, I have considered the combined effects of [Plaintiff's] alleged impairments, both severe and non-severe, on [Plaintiff's] ability to work. While the combination of [Plaintiff's] impairments imposes some limitations, there is no indication in the record that [Plaintiff's] ability to sustain consistent function has been complicated by the combination of these impairments. Although there is evidence that her idiopathic hypersomnia has contributed to her depression and anxiety, there is no evidence that the combination of [Plaintiff's] impairments imposes greater limitations than those inherent in the residual functional capacity stated below.

Administrative Record 43 (citation omitted). "[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)). "Furthermore, the ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he considered all of [Plaintiff's] impairments." *Id*. In sum, there is substantial evidence to support the ALJ's decision on this issue. Therefore, the Court will overrule this objection.

In Plaintiff's second objection, she asserts that the Magistrate Judge erred in finding that the ALJ properly discounted Plaintiff's personal credibility based on her daily activities. According to Plaintiff, "[t]he very evidence cited by the ALJ and then the Magistrate [Judge] is likewise isolated and taken out of context." Objections 4.

According to the relevant regulation, in making a credibility determination,

> [i]t is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p.

As detailed by the Magistrate Judge, "First, the ALJ properly discounted Plaintiff's credibility based on her daily activities, which indicated that her hypersomnia was not as limiting as she alleged." Report 21 (citing *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (accepting ALJ's finding that claimant's activities were inconsistent with complaints of incapacitating pain where she engaged in a variety of activities)). "The ALJ also properly discounted Plaintiff's credibility based on neuropsychological testing suggesting that Plaintiff may have a tendency to overstate her symptoms. Dr. Teichner noted that Plaintiff obtained scores on tests of malingering that represented insufficient testing effort, and that one score was 'even below chance levels.'" Report 22 (citing *Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003) (stating that evidence that a claimant is exaggerating symptoms can be considered as part of the evaluation of Plaintiff's subjective complaints)). Consequently, because substantial evidence supports the ALJ's credibility determination, the Court will overrule this objection, as well.

In Plaintiff's third objection, she "objects to the Magistrate's findings, which continue to allow the ALJ to rely upon misstatements and evidence taken out of the context of the entire record." Objections 4. But, as the Magistrate Judge stated, although "Plaintiff points to what she considers

6

to be evidence sufficient to support her claim of disability, she has established no reversible error in the ALJ's treatment and consideration of the medical and opinion evidence cited in her brief." Report 27.

As already noted, it is Plaintiff's duty to both produce and prove that she is disabled under the Act. *See Pass*, 65 F.3d at 1203.  And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "Under the substantial evidence standard . . . ,we must view the entire record as a whole. Additionally, the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).  Because substantial evidence supports the ALJ's decision that Plaintiff is not disabled under the Act, the Court will overrule this objection, too.

Plaintiff has considered Plaintiff's remaining objections but finds them to be lacking in merit. Therefore, the Court will overrule those objections, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 26th day of January, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE